# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv81

| | |
|---|---|
| DAVID D. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| NANCY A. BERRYHILL, Acting ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 12]. The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 11], **DENY** the Commissioner's Motion for Summary Judgment [# 12], and **REMAND** the decision of the commissioner.

   I.   **Procedural History**

Plaintiff filed an application for disability insurance benefits on June 19, 2012. (Transcript of Administrative Record ("T.") 169-75.) The application had a

protective filing date of June 8, 2012. (T. 19.) Plaintiff alleged an onset date of June 6, 2011. (T.169) Subsequently, Plaintiff amended his onset date to February 1, 2013. (T. 190.) The Social Security Administration denied Plaintiff's claim. (T. 114-17.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 123-30.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 35-70.) The ALJ then issued a decision finding that Plaintiff was not disabled beginning February 1, 2013. (T. 19-29.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his December 9, 2014, decision the ALJ found that Plaintiff is not disabled under Section 216(i) and 223(d) of the Social Security Act. (T. 29.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

(2) The claimant has not engaged in substantial gainful activity since February 1, 2013, the amended alleged onset date (20 CFR 404.1571 *et seq*.).

(3) The claimant has the following severe impairments: status post fracture of the left femur, essential hypertension, affective disorder and anxiety (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the ability to sit for 6 hours and stand/walk for 6 hours in an 8-hour workday. He is able to lift/carry 20 pounds occasionally and 10 pounds frequently. He can never climb ladders, ropes, scaffolds, ramps, or stairs. The claimant can occasionally balance with a hand-held assistive device. He can occasionally stoop, crouch and kneel, but never crawl. He must avoid concentrated use of moving machinery and exposure to unprotected heights. His work is limited to simple, routine and repetitive tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions and with few, if any, work place changes. The claimant can have only occasional interaction with the public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on April 23, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2013, through the date of this decision (20 CFR 404.1520(g)).

(T. 21-29.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but,

rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

V.     Analysis[1]

A. The Medicaid Disability Decision

Plaintiff contends that the ALJ erred by failing to consider the September 26, 2013, decision by the North Carolina Department of Health and Human Services ("NCDHHS") finding that Plaintiff was eligible for Medicaid as a disabled adult. (T. 176-78.)  This Court has previously addressed this issue in two recent decisions, Ball v. Colvin, No. 1:14cv266, 2015 WL 5714525 (W.D.N.C. Sept. 1, 2015) (Howell, Mag. J.), and Woods v. Colvin, 1:16cv58, 2017 WL 1196467 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.).

In Ball, this Court recommended that the District Court grant the plaintiff's motion for summary judgment and remand the case because the ALJ failed to consider a decision by the NCDHSS.  2015 WL 5714525, at *3.  Specifically, the Court held:

> The law in this Circuit is clear that an ALJ commits reversible error by failing to consider and address a decision by the NCDHHS awarding a claimant Medicaid benefits.  See Chriscoe v. Colvin, No. 1:13CV788,

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> 2015 WL 4112442, at *4-5 (M.D.N.C. Jul. 8, 2015) (collecting cases); Newman v. Colvin, No. 5:12-CV-739-BO, 2013 WL 6501165, at *2 (E.D.N.C. Dec. 11, 2013); Joyner v. Astrue, No. 4:12-CV-018-BO, 2013 WL 310056 at *1 (E.D.N.C. Jan. 25, 2013); Allen v. Colvin, No. 2:12-CV-29-FL, 2013 WL 3983984, at *2 (E.D.N.C. Aug. 1, 2013). This is consistent with SSR 06-03p (Aug. 9, 2006), which requires that the Commissioner consider a disability decision by another governmental or nongovernmental agency.
>
> Here, the ALJ failed to consider the NCDHHS finding of disability. (T. 18-28.) In fact, the decision of the ALJ does not even mention the DCDHHS decision. (Id.) By failing to consider the disability determination by the NCDHHS, the ALJ failed to comply with SSR 06-03p and remand is required. The Commissioner's contention that the NCDHHS decision was not an opinion from another agency because it was legally incorrect is nonsensical and borders on the frivolous. Right or wrong, the NCDHHS decision in the record is plainly a disability decision by another agency, and, as such, it must be considered by the ALJ. See SSR 06-03p. As the United States District Court for the Eastern District of North Carolina explained in Newman, "as the ALJ failed to even mention the Medicaid award, the Court cannot create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." 2013 WL 6501165, at *2 (internal citation and quotation omitted).

Id. This Court found that remand was required in Ball because the ALJ's decision failed to indicate that the ALJ considered the decision of the NCDHHS, as required by SSR 06-03p. Id.

Approximately a year and a half after deciding Ball, this Court again addressed the issue of a DCDHHS decision in Woods. Unlike the situation in Ball, the Court found that remand was not required in Woods because the ALJ expressly

-7-

considered the decision of the NCDHHS and assigned it little weight. Wood, 2017 WL 1196467, at *3. As the Court explained in Woods:

> Under the pertinent regulations, a disability decision by another governmental agency is not binding on the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006); Gabriel v. Colvin, No. 1:14-cv-270-FDW, 2015 WL 45915591, at *3 (W.D.N.C. Jul. 29, 2015) (Whitney, C.J.); Fraley v. Colvin, Civil Action No. 3:14-CV-192, 2015 WL 5007826, at *5 (W.D.N.C. Aug. 20, 2015) (Voorhees, J.). Such decisions, however, are entitled to consideration and may not be ignored by the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6. In the past, this Court has recommended that the District Court remand a case where the ALJ failed to mention or address a decision by the North Carolina Department of Health and Human Services. Ball v Colvin, No. 1:14cv266, 2015 WL 5714525 (W.D.N.C. Sept. 1, 2015) (Howell, Mag. J.) ("the decision of the ALJ does not even mention the DCDHHS decision . . . By failing to consider the disability determination by the DCDHHS, the ALJ failed to comply with SSR 06-03p . . . .").
>
> The record in this case contains a disability decision from the State of North Carolina Department of Health and Human Services finding that Plaintiff met the criteria for Medicaid eligibility. (T. 211-13.) Unlike the situation in Ball, the ALJ specifically acknowledged the decision from the State of North Carolina Department of Health and Human Services, stating that he considered the decision but found that it was entitled to little weight. (T. 29.) . . . Accordingly, the Court finds that the ALJ satisfied the requirements of SSR 06-03p by specifically stating in the decision that he considered the decision of the State of North Carolina Department of Health and Human Services and assigned it little weight. Remand for further consideration of this decision is not warranted.

Id.

The record in this case contains a decision from the NCDHHS finding that

Plaintiff is disabled and entitled to Medicaid benefits. (T. 176-78.) The ALJ, however, did not consider the NCDHHS finding of disability and failed to even reference it in the decision. (T. 19-29.) For the same reasons that this Court found in Ball that remand was required for further consideration of the NCDHHS finding of disability, remand is similarly required in this case. As the Court made clear in Ball and Woods, while the ALJ need not address the decision in detail, the ALJ must, at a minimum, indicate in the decision that he or she considered the decision. Because there is no indication in the ALJ's decision that he considered the NCDHHS decision, remand is required. Finally, the Court cannot say that the error is harmless where, like here, there is no indication that the ALJ even considered the NCDHHS decision, and it is not the role this Court to review such a decision in the first instance. Accordingly, the Court **RECOMMENDS** that the District Court **REMAND** this case for further consideration.

    **B. The Opinion Evidence**

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologists, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the

claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative

findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in considering the opinion evidence. The record contains a number of medical opinions from Dr. Thomas Clayton regarding the severity of Plaintiff's impairments. (See e.g. T. 463-68, 482.) Dr. Clayton is a treating medical source who has been treating Plaintiff for ten years. (T. 463.) In addressing Dr. Clayton's opinions, the ALJ found:

> I afford little weight to the opinions of Dr. Clayton (Exhibit 5k, 11F & 14F) as it is inconsistent with other opinions in the record as well as objective medical evidence. In addition, I note that a finding of disability is an issue reserved to the Commissioner and as such, I do not accept Dr. Clayton's opinion that the claimant is disabled and unable to perform any work.

(T. 27.) While the ALJ was correct to disregard the opinion of Dr. Clayton that he was disabled, the ALJ provided only a conclusory statement as to the remaining opinions of Dr. Clayton related to Plaintiff's work restrictions and the extent of Plaintiff's impairments. As this Court recently explained:

> the statement by the ALJ as to why he was assigning the opinion little weight was little more than a conclusory statement with no supporting reasoning or analysis. An ALJ must do more than simply state that a decision is not supported by the totality of the evidence of the record; the ALJ must create an analytical or logical bridge between the evidence in the record and his or her ultimate conclusion. This is the

> essence of legal writing. And without taking this analytical step, this Court is unable to conduct meaningful review without engaging in impermissible fact finding. See Buchanan v. Colvin, 1:14cv209, 2016 WL 485339, at * 4 (W.D.N.C. Jan. 19, 2016) (Howell, Mag. J.); see also Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015).

Wright v. Colvin, 1:16cv12, 2017 WL 833059, *4 (W.D.N.C. Mar. 2, 2017). As this Court has made clear, an ALJ must do more than offer a conclusory statement that the evidence does not support the restrictions found by a treating source to survive review. Bracey v. Colvin, 3:15cv573, 2017 WL 990604, at *5 (W.D.N.C. Feb. 27, 2017) (Howell, Mag. J.); Switzer v. Colvin, 2016 WL 4182755, at *4-5 (W.D.N.C. Jul. 5, 2016) (Howell, Mag. J.); Buchanan, 2016 WL 485339, at *3. Rather, the ALJ must draw an analytical or logical bridge between the evidence in the record and the conclusion that an opinion of a treating source is entitled to little weight because it is inconsistent with the medical evidence to allow this Court to conduct meaningful review. Accordingly, the Court finds that remand is also required for the ALJ to fully consider the opinion evidence in the record.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 11], **DENY** the Commissioner's Motion for Summary Judgment [# 12], and **REMAND** the decision of the commissioner.

Signed: June 2, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).